UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S. Y.,

    Plaintiff,

v.   Case No.:  2:20-cv-632-JES-MRM

WYNDHAM HOTELS & RESORTS, INC., LA QUINTA HOLDINGS, INC., LA QUINTA PROPERTIES, INC., COREPOINT LODGING, INC., CPLG LLC and LQ FL PROPERTIES, LLC,

    Defendants.
_____/

**ORDER**

Pending before the Court is the Joint Motion for an Extension of Case Deadlines, in which the parties seek an extension of the current deadlines set forth in the Second Amended Case Management and Scheduling Order in light of the pending Motions to Proceed Anonymously and for Entry of a Protective Order, filed in all twenty-nine related SY-CS cases. (Doc. 73). For the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part**.

**I.   Background**

This action began in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida on October 30, 2019, when Plaintiff and another alleged victim of sex trafficking sued over forty Defendant hotels. *See S.Y. v. Naples Hotel Co.*, No. 2:20-cv-00118-JES-MRM, Doc. 1 at 3, (M.D. Fla. Feb. 21, 2020).  The case was

removed to this Court on February 21, 2020. *Id.* On August 5, 2020, the Court determined that severing the action was appropriate, *see S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1256 (M.D. Fla. 2020), and, therefore, Plaintiff filed several individual cases, including this case, against various hotel defendants.[1]

On February 24, 2021, Plaintiff filed Plaintiff's Motion to Proceed Anonymously and for Entry of a Protective Order requesting that: (1) she be permitted to proceed anonymously in all public filings and in all public Court proceedings until the time of trial; and (2) the Court enter her Proposed Protective Order to regulate how Defendants use and share her True Identity. This motion is currently pending before the Court in all twenty-nine related cases.

On June 10, 2021, the Court extended the Case Management and Scheduling Order deadlines by ninety days, subject to the Court's calendar.

Subsequently, the parties filed the motion *sub judice* on September 1, 2021.

**II.   Analysis**

The Court finds good cause to enter this Order in each case brought by Plaintiff S.Y. or Plaintiff C.S. stemming from the first-filed case, *S.Y. v. Naples Hotel Co.*, No. 2:20-cv-118-JES-MRM – regardless of whether the relief has been requested – because a common order on discovery procedure will conserve resources and promote efficiency. Accordingly, the Court directs the Clerk of Court to enter this

---

[1] Hereinafter, the Court collectively refers to the twenty-nine cases filed by Plaintiff S.Y. and Plaintiff C.S., stemming from the first-filed case, *S.Y. v. Naples Hotel Co.*, No. 2:20-cv-118-JES-MRM, as the "related cases."

Order in each case brought by Plaintiff C.S. or Plaintiff S.Y. that does not have a pending Joint Motion for an Extension of Case Deadlines, including:

> *S.Y. v. Naples Hotel Co.*, No. 2:20-cv-00118-JES-MRM
> *S.Y. v. Uomini & Kudai, LLC*, No. 2:20-cv-00602-JES-MRM
> *S.Y. v. Seasonal Investments, Inc.*, No. 2:20-cv-00603-JES-MRM
> *S.Y. v. Holistic Health Healing, Inc.*, No. 2:20-cv-00604-JES-MRM
> *S.Y. v. Jay Varahimata Investments, LLC*, No. 2:20-cv-00606-JES-MRM
> *S. Y. v. Shivparvti, LLC*, No. 2:20-cv-00607-JES-MRM
> *S. Y. v. Naples Hotel Company et al*, No. 2:20-cv-00608-JES-MRM
> *S.Y. v. Inn of Naples Hotel, LLC et al*, No. 2:20-cv-00609-JES-MRM
> *S.Y. v. Naples Garden Inn, LLC*, No. 2:20-cv-00610-JES-MRM
> *S.Y. v. Sunstream Hotels & Resorts, LLC*, No. 2:20-cv-00611-JES-MRM
> *S.Y. v. Sea Shell Management, LLC*, No. 2:20-cv-00612-JES-MRM
> *S.Y. v. Best Western International, Inc.*, No. 2:20-cv-00616-JES-MRM
> *S.Y. v. Wyndham Hotels & Resorts, Inc. et al*, No. 2:20-cv-00619-JES-MRM
> *S.Y. v. Choice Hotels International, Inc.*, No. 2:20-v-00622-JES-MRM
> *S.Y. v. Holiday Hospitality Franchising, LLC*, No. 2:20-cv-00624-JES-MRM
> *S.Y. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-cv-00626-JES-MRM
> *S.Y. v. Marriott International, Inc.*, No. 2:20-cv-00627-JES-MRM
> *S.Y. v. Wyndham Hotels & Resorts, Inc. et al*, No. 2:20-cv-00628-JES-MRM
> *C.S. v. Inn of Naples Hotel, et al*, No. 2:20-cv-00629-JES-MRM
> *C.S. v. Holistic Health Healing, Inc.*, No. 2:20-cv-00630-JES-MRM
> *C.S. v. Naples Hotel Company*, No. 2:20-cv-00631-JES-MRM
> *C.S. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-cv-00634-JES-MRM
> *C.S. v. Choice Hotels International, Inc.*, No. 2:20-cv-00635-JES-MRM
> *C.S. v. Jay Varahimata Investments, LLC*, No. 2:20-cv-00637-JES-MRM
> *C.S. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-cv-00639-JES-MRM

In light of the Motions to Proceed Anonymously and for Entry of a Protective Order pending before the Court in all twenty-nine cases and the impending deadlines for the parties to disclose expert reports, the Court finds good cause to act *sua sponte* to extend all remaining deadlines – beginning with Plaintiff's disclosure of any expert reports – by a period of at least ninety (90) days. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause,

extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."); *see also Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 687 (11th Cir. 2019) (citing Fed. R. Civ. P. 6(b)(1)(A) for the proposition that "[a] district court may extend a deadline before the original deadline has expired if the requesting party demonstrates 'good cause'").

The Clerk of Court is, therefore, directed to prepare and file a Third Amended Case Management and Scheduling Order extending the remaining case management deadlines by a period of at least ninety (90) days, subject to the Court's calendar.

Additionally, the Court finds good cause to enter this Order and the Third Amended Case Management and Scheduling Order in each related case brought by Plaintiff S.Y. or Plaintiff C.S., regardless of whether there is a pending motion. To that end, the Court directs the Clerk of Court to do so in the following cases:

> *S.Y. v. Naples Hotel Co.*, No. 2:20-cv-00118-JES-MRM
> *S.Y. v. Uomini & Kudai, LLC*, No. 2:20-cv-00602-JES-MRM
> *S.Y. v. Seasonal Investments, Inc.*, No. 2:20-cv-00603-JES-MRM
> *S.Y. v. Holistic Health Healing, Inc.*, No. 2:20-cv-00604-JES-MRM
> *S.Y. v. Jay Varahimata Investments, LLC*, No. 2:20-cv-00606-JES-MRM
> *S. Y. v. Shivparvti, LLC*, No. 2:20-cv-00607-JES-MRM
> *S. Y. v. Naples Hotel Company et al*, No. 2:20-cv-00608-JES-MRM
> *S.Y. v. Inn of Naples Hotel, LLC et al*, No. 2:20-cv-00609-JES-MRM
> *S.Y. v. Naples Garden Inn, LLC*, No. 2:20-cv-00610-JES-MRM
> *S.Y. v. Sunstream Hotels & Resorts, LLC*, No. 2:20-cv-00611-JES-MRM
> *S.Y. v. Sea Shell Management, LLC*, No. 2:20-cv-00612-JES-MRM
> *S.Y. v. Best Western International, Inc.*, No. 2:20-cv-00616-JES-MRM
> *S.Y. v. Wyndham Hotels & Resorts, Inc. et al*, No. 2:20-cv-00619-JES-MRM
> *S.Y. v. Choice Hotels International, Inc.*, No. 2:20-v-00622-JES-MRM
> *S.Y. v. Holiday Hospitality Franchising, LLC*, No. 2:20-cv-00624-JES-MRM
> *S.Y. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-cv-00626-JES-MRM
> *S.Y. v. Marriott International, Inc.*, No. 2:20-cv-00627-JES-MRM
> *S.Y. v. Wyndham Hotels & Resorts, Inc. et al*, No. 2:20-cv-00628-JES-MRM

*C.S. v. Inn of Naples Hotel, et al*, No. 2:20-cv-00629-JES-MRM
*C.S. v. Holistic Health Healing, Inc.*, No. 2:20-cv-00630-JES-MRM
*C.S. v. Naples Hotel Company*, No. 2:20-cv-00631-JES-MRM
*C.S. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-cv-00634-JES-MRM
*C.S. v. Choice Hotels International, Inc.*, No. 2:20-cv-00635-JES-MRM
*C.S. v. Jay Varahimata Investments, LLC*, No. 2:20-cv-00637-JES-MRM
*C.S. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-cv-00639-JES-MRM

## CONCLUSION

The Court **ORDERS** that:

1. The Joint Motion for an Extension of Case Deadlines (Doc. 73) is **GRANTED in part** and **DENIED in part**.

2. The Clerk of Court is directed to prepare and file a Third Amended Case Management and Scheduling Order extending the remaining case management deadlines by a period of at least ninety (90) days, subject to the Court's calendar.

3. The Clerk of Court is directed to enter this Order and the subsequent Third Amended Case Management and Scheduling Order in each case brought by Plaintiff C.S. or Plaintiff S.Y., regardless of whether there is a pending motion, as listed above.

**DONE** and **ORDERED** in Fort Myers, Florida on September 2, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties